Gilmore, J.
It clearly appears from the admitted facts in the case, that the debt upon which the action was brought in the court of common pleas was the debt of the wife of the plaintiff in error, contracted before her marriage ; and it further appears that at the time of her mar-. *548 riage she was possessed of personal property and means, which, after her marriage she kept and continues to keep as her separate property under her sole control, and is still continuing to use her separate means in carrying on business for her own benefit, and in which her husband has no interest or control whatever.
On this state of facts these questions are raised :
1. Is the husband liable for the debts of his wife ?
2. If so, does such liability extend to and include the partnership debts of the wife?
As to the first: At common law, the husband, during coverture, was liable for the ante-nuptial debts of his wife; not on the ground that by virtue of his marital rights he was entitled to the personal property owned by the wife at her marriage, for he was liable even if she did not bring him a shilling; but on the ground that the legal existence of the woman was suspended during the marriage, or rather, merged into that of the husband; and almost all the legal rights, duties, and disabilities that either of them acquired by the marriage, depended upon the principle of a union of person in husband and wife; and it is for this reason that it is said : “ If the wife be indebted before the marriage, the husband is bound afterward to pay the debt, for he has adopted her and her circumstances together.” 1 Bla. Com'. 443.
It is assumed in argument, by counsel for plaintiff in error, that the common law held the husband liable for the debts of the wife dum sola, for the reason that by the marriage he acquired complete dominion over the personal property of the wife; and that the reason for the rule ceased when the legislature removed the disabilities of married women in respect to their separate property, and deprived the husbaud of his common-law rights in it; and the claim is, that the reason for the rule having been thus swept away, the rule itself should cease.
The argument and conclusion are untenable. It is plain that the common-law liability of the husband for the debts of the wife, du,m sola, was not founded on the idea that the *549 law imposed the liability in consideration of the rights that he acquired in her property by the marriage. If, therefore, the common-law liabilities of the husband, in reference to the debts of his wife, have been changed or modified in this state, such change or modification is not to be deduced as a consequence of the removal of the common-law disabilities of married women over their separate property, but must be found, if at all, in legislation that either expressly, or by necessary implication, makes such change or modification.
The onl}’ legislation that makes any change or modification of' the liabilities of the husband, as to his wife’s debtá, is contained in the third section of the act entitled “ an act concerning the rights and liabilities of married women,” passed April' 3, 1861, as amended March 23, 1866 (S. & S. 591), which reads as follows: “In any action against husband and wife upon any cause existing against her at their marriage, or upon any tort committed by her during coverture, or upon any contract made by her concerning her separate property, as provided in section one of this act, the separate property of the wife shall be also liable to be taken for any judgment rendered therein.”
Under this section, in a case in which the husband had been compelled to pay a debt of his wife contracted before marriage, and after payment of the debt, the husband claiming to be the creditor of his wife, and entitled to be subrogated to the rights of the creditor, brought an action against his wife and others to enforce his rights in equity, It was held, “ that the separate property of the wife is primarily liable as between her and the husband for the satisfaction of judgments recovered in actions brought against them upon causes existing against her at their maryi&ge.” Westerman v. Westerman, 25 Ohio St. 500.
While the rights of the wife, in reference to the control and management of her real property, are greatly enlarged over what they were at common law, by the first section of the act of 1861, and while the second section of the act, as amended March 30, 1871 (68 Ohio L. 48), in effect clothes *550 the wife with many of the rights of a feme sole as to all her personal property, the third section above quoted imposes liabilities upon her property in respect to her ante-nuptial debts that were unknown to the common law, and thus ultimately relieves the husband from the consequences of his common-law liability in reference to such debts, as between himself and wife.
But the case last cited indirectly shows .that as between the creditor of .the wife dum sola and the husband, the common-law liability of the husband has not been changed by the legislation above referred to ; for it appears that the husband had been compelled by suit against himself and wife, to pay the ante-nuptial debt of his wife, and his liability in this respect is recognized without question throughout the case.
It has also been held that the act of 1861, as amended, does not change or abrogate the rule of the common law making the husband liable for the torts committed by the wife during coverture. Fowler v. Chichester, 26 Ohio St. 9.
Section 28 of the civil code, as amended March 30, 1874 (71 Ohio L. 47), was not intended to enlarge or vary the liabilities of a married woman, but merely'to change the form of remedy. Jenz v. Gugel, 26 Ohio St. 527. These cases all tend to show that there is nothing in the legislation of this state that does away with or modifies the common-law liabilities of the husband, as to the ante-nuptial debts of the wife, as between him and her creditor; and we all concur in this view.
Second. It is further contended by plaintiff in error that the husband is not liable for the partnership debts of the wife contracted before marriage. It is said that the husband by marrying one member of the firm does not thereby become liable for the partnership debts. No authorities •are cited in support of this proposition, and we think it can not be maintained on principle.
One of the incidents of partnership is, that an absolute liability for the whole of every debt due from the firm rests upon each partner. Parsons on Partnership, 61.
*551 Miss Inman was, therefore, liable to the creditor, as a member of the firm of Alexander & InmaD, for the whole amount of the debt sued upon, the same as if it had been contracted by-her individually; hence, it was in legal contemplation her debt, for which the husband bécame liable upon their intermarriage in an action at law.
We are not to be understood as saying that the husband is liable for the debts of the wife contracted during coverture in a partnership business that she is assisting in carrying on with her separate money and means, and in which her husband has no interest or control. This question is not before us.
In this case, the intermarriage of the plaintiff in error with Miss Inman dissolved the partnership of which she was a member, and it is a firm debt previously contracted by her for which the husband is held liable.
We find no error in the record.

Motion overruled.